HARRIS v. RAGSDALE.

[72 South. 126.]

WILLS. *Construction. Release of debts.*

> No presumption of release of a debt arises from the giving of a legacy to the debtor, where the testator has preserved the evidence of the indebtedness, and this rule applies as well in case of relatives as in case of strangers.

APPEAL from the chancery court of Copiah county.

HON. P. Z. JONES, Chancellor.

Suit by G. I. Ragsdale, for the use of Merchants' & Planters' Bank, against R. R. Harris, executor of the estate of Mary Ann Harris deceased. From a decree for complainant, defendant appeals.

The facts are fully stated in the opinion of the court.

*H. J. Wilson,* for appellant.

*Luther S. Sexton* and *R. N. Miller,* for appellee.

STEVENS, J., delivered the opinion of the court.

G. I. Ragsdale, suing for the use of the Merchants' & Planters' Bank of Hazelhurst, instituted this suit in the chancery court against the executor and all the devisees under the will of Mrs. Mary Ann Harris, deceased, for the purpose of collecting a judgment held by the compalinant against George W. Harris, a son of Mrs. Mary Ann Harris, deceased, and one of the beneficiaries of her estate. The bill charges that complainant recovered a judgment in the circuit court against G. W. Harris; that the judgment was duly enrolled and was unpaid; that Mrs. Mary Ann Harris, deceased, left a last will and testament, which had been duly probated, and that her state was being administrated upon by the chancery court; that by the terms of her last will George W. Harris, the judgment debtor, after certain specific devises were paid, was entitled to an undivided one-seventh interest in the residue of the estate. It is further averred that the testatrix died possesesd of a large sum of money, lands, and other property; that the distributive share of G. W. Harris was more than sufficient to pay the judgment of about nine hundred dollars due by said George W. Harris to the complainant; and that the executor was conspiring with the judgment debtor to delay and prevent the complainant from the collection of his said judgment. The bill was answered by the executor, and without setting out the averments of the answer in detail, it submits that the property of the estate consists principally of household goods, a lot of Biloxi, Miss., three hundred acres of land in Lawrence county, a small herd of cattle, and certain notes and accounts which the executor had not been able to realize upon. The answer further contends that George W. Harris was indebted to the estate in the sum of two thousand, two hundred and twenty-nine dollars and seventy-nine cents, an amount largely in excess of his distributive share. The cause

was submitted for hearing on the bill, answer, documentary proof, and oral testimony, and the chancellor rendered a decree holding that:

"George W. Harris was not indebted to the estate of Mrs. Mary Ann Harris, deceased, in any sum whatsoever; such indebtedness having been canceled and forgiven by the testatrix as gathered by the court from the will and the evidence pertaining to. its execution."

The chancellor appointed a commissioner to take evidence and to ascertain the exact amount of the share or interest which G. W. Haris was entitled to receive from the estate of Mary Ann Harris, deceased, with directions that the commissioner report his findings at the next term of the court. From the finding of the chancellor that the judgment debtor was not indebted to the estate in any sum whatsoever, the executor prayed for and obtained this appeal to settle the principles of the case. On the trial of the case the will was introduced, and an inspection thereof discloses the fact that the testatrix made no reference to. the debts due her by any of the devisees, except the following recital:

" To my husband, James Ragland Harris, one part, less the sum of five hundred dollars which I have already given him as an advancement."

Special legacies were bequeathed to a daughter, Mary M. Harris; to a son-in-law, Dr. E. H. De Berry; and to a granddaughter, Kathleen Harris. By the terms of the will certain lands were also devised to the husband, James Ragland Harris, and to a son, Robert R. Harris; and certain lands are also devised to a son, James Ragland Harris. After making specific provision for certain members of her family, section 5 of the will then provides as follows:

"After the payment of all of my just debts and the setting aside of all the special bequests provided for in the sections 2, 3, and 4 herein, all of the residue of my estate, both real, personal and mixed shall be distributed as follows: To my husband James Ragland Har-

ris, one part, less the sum of five hundred dollars which I have already given him as an advancement. To my daughter Mary Macon Harris, two parts, to my son James Ragland Harris and his children Charles and Elizabeth one part to be equally divided between the three. To my sons George Wiley Harris and Robert Rice Harris and my daughter Mrs. Mattie H. De Berry one part each.''

This appeal presents the question whether the chancellor was justified in holding that the individual indebtedness of George W. Harris to his mother, the testatrix, was forgiven or canceled. The proof shows that the indebtedness of G. W. Harris to his mother consisted of certain moneys which Mrs. Harris had advanced to her son to enable him to discharge notes to the Merchants' & Planters' Bank, and for other purposes, and was evidenced by these old notes as also by an open account signed and acknowledged by G. W. Harris, and that the total amount of this indebtedness as shown by the inventory is two thousand, two hundred and twenty-nine dollars and seventy-nine cents. There is nothing in the proof or the record of this case to show that any part of this indebtedness is simulated. The proof does not justify the finding of the chancellor that the testatrix intended to release or forgive the indebtedness of her son George. There is nothing in the will itself from which such intention can be gathered, and the oral testimony, if competent at all on this question, negatives, rather than supports, such conclusion. The proof shows that Dr. De Berry, to whom the testatrix makes a special gift, is also indebted to the estate in the approximate sum of two thousand dollars, and there is just as much reason to believe that the indebtedness of Dr. De Berry was released as in believing the indebtedness of G. W. Harris was forgiven. The will does expressly provide that an advancement of five hundred dollars to the

husband should be deducted. This provision indicates that the testatrix regarded this five hundred dollars strictly as an advancement and not as a loan. There is nothing in or out of the will to indicate that the testatrix intended that the moneys paid out on account of G. W. Harris should be treated as an advancement. The funds paid out on account of George W. Harris created the relationship of creditor and debtor, and the testatrix went so far as to preserve the evidence of this indebtedness and to use it as collateral security. There is no presumption that the testatrix intended to release the debt of George W. Harris by the mere fact that the will names him as one of the beneficiaries in the residue of her estate.

"As the full extent of the testator's bounty is supposed to be disclosed by the will a legacy to a debtor does not operate as a release of the debt unless the will clearly manifests the intent that it shall so operate, which intent may be manifested by express words or by necessary implication. It is very generally held that no presumption of release of a debt arises from the giving of a legacy to the debtor where the testator has preserved the evidence of the indebtedness. . . . So the rule aplies as well in case of relatives as in case of strangers." 40 Cyc. 1889, 1890, and authorities listed in the notes.

The intention to forgive must be clearly manifested. The will, as a whole, rebuts rather than reflects such intention. Neither the will nor the evidence, therefore, in our judgment, justifies the result reached by the learned chancellor, and so much of the decree complained of holding that the indebtedness of George W. Harris was forgiven will be reversed, and the cause remanded for such further proceeding in accord with the views here expressed as equity may demand.

*Reversed and remanded.*